19-2842-cv
*Futia v. State of New York*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of November, two thousand twenty.

PRESENT:    BARRINGTON D. PARKER,
            DENNY CHIN,
                    *Circuit Judges*,
            JANE A. RESTANI,
                    *Judge*.[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ANTHONY FUTIA, JR., and ROBERT L. SCHULZ,
                    *Plaintiffs-Appellants*,

            -v-                                    19-2842-cv

STATE OF NEW YORK, ANDREW CUOMO,
individually and in his official capacity as Governor
of the State of New York, JOHN J. FLANAGAN,
individually and in his former capacity as Majority
Leader of the New York State Senate, ANDREA
STEWART-COUSINS, individually and in her former

---

[*]        Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

capacity as Minority Leader of the New York State Senate, CARL E. HEASTIE, individually and in his official capacity as Speaker of the New York State Assembly, THOMAS P. DINAPOLI, in his official capacity as Comptroller of New York State, and BRIAN M. KOLB, individually and in his official capacity as Minority Leader of the New York State Assembly,

*Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:    ROBERT L. SCHULZ, *pro se*, Queensbury, New York, and Anthony Futia, Jr., *pro se*, North White Plains, New York.

FOR DEFENDANTS-APPELLEES:    BRIAN D. GINSBERG, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Victor Paladino, Senior Assistant Solicitor General, *on the brief*), *for* Letitia James, Attorney General, Albany, New York.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Anthony Futia, Jr. and Robert L. Schulz ("Plaintiffs") appeal the district court's judgment, entered August 22, 2019, dismissing their claims against defendants-appellees State of New York and several current and former New York state officials ("Defendants") for lack of subject matter jurisdiction under Federal

2

Rule of Civil Procedure 12(b)(1), and for failure to state a claim under Rule 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiffs' federal claims are based on their allegations that Defendants violated the New York Constitution in decision-making related to setting the state civics curriculum, allocating grants and tax credits to a private business, setting government employees' salaries, and appointing judges. The sum of these violations, Plaintiffs allege, denied them a republican form of government in violation of the Guarantee Clause of the United States Constitution. Plaintiffs further allege that Defendants' failure to respond to their "First Amendment Petition for Redress of Grievances" violated their rights under the Petition Clause of the First Amendment. They also allege claims under state law.

"When reviewing the dismissal of a complaint for lack of subject matter jurisdiction" under Rule 12(b)(1), "we review factual findings for clear error and legal conclusions *de novo*." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). We also review *de novo* the dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Forest Park Pictures v. Universal Television Network*, 683 F.3d 424, 429 (2d Cir. 2012). Finally, we review a district court's decision declining to exercise supplemental jurisdiction over state law claims for abuse of discretion. *Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York*, 464 F.3d 255, 262 (2d Cir. 2006).

3

The district court did not err in dismissing Plaintiffs' Guarantee Clause claim for lack of subject matter jurisdiction because the claim presents nonjusticiable political questions, such as how the State of New York allocates tax credits, sets salaries of state employees, or selects judges. *See, e.g., Rucho v. Common Cause*, 139 S.Ct. 2484, 2506 (2019) ("This Court has several times concluded . . . that the Guarantee Clause does not provide the basis for a justiciable claim."). The district court also did not err in dismissing Plaintiffs' Petition Clause claim for failure to state a claim, because the right to petition the state does not mean there is a right to a response. *See Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1986) ("Nothing in the First Amendment or in this Court's case law interpreting it suggests that the right[] to . . . petition require[s] government policymakers to listen or respond to individuals' communications on public issues."). Finally, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims.

We have considered Plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk